*Rev. November 10, 2015*

UNITED STATES DISTRICT COURT, DISTRICT OF NEW MEXICO
**SENTENCING MINUTE SHEET**

| | |
|---|---|
| CR No:   21-0653  JB | USA vs.:   Rico |
| Date:   7/27/2023 | Name of Deft:   Joshua Rico, a.k.a. "JOSHRICO2196," "CHRISLUJAN2," "CLUJAN0420," "ERIKROMERO1123" |

Before the Honorable:   James O. Browning

| | |
|---|---|
| Time In/Out:   2:31 pm – 3:41 pm | Total Time in Court **(for JS10):**   1 hour, 10 minutes |
| Clerk:   L. Rotonda | Court Reporter:   P. Baca |
| AUSA:   Sarah Mease/Jaymie Roybal | Defendant's Counsel:   Angelica Hall (appointed) |
| Sentencing in:   Albuquerque | Interpreter:   N/A |
| Probation Officer:   Jon-Paul Barabe | Interpreter Sworn?   Yes   No |

| Convicted on: | **x** | Plea | | Verdict | As to: | | Information | **x** | Indictment |
|---|---|---|---|---|---|---|---|---|---|

| If Plea: | | Accepted | | Not Accepted | Adjudged/Found Guilty on Counts: | | | |
|---|---|---|---|---|---|---|---|---|

| If Plea Agreement: | **x** | Accepted | | Not Accepted | | No Plea Agreement | Comments: |
|---|---|---|---|---|---|---|---|

| Date of Plea/Verdict: | 12/22/2022 | PSR: | **x** | Not Disputed | | Disputed | **x** | Courts adopts PSR Findings |
|---|---|---|---|---|---|---|---|---|

| Evidentiary Hrg: | **x** | Not Needed | | Needed | | Exceptions to PSR: |
|---|---|---|---|---|---|---|

| **SENTENCE IMPOSED** | Imprisonment (BOP): | 360 months is imposed as to each of Counts 1, 2, 3, 4, 5; said terms shall run concurrently for a total term of 360 months. |
|---|---|---|
| Supervised Release: | 20 years is imposed as to each of Counts 1, 2, 3, 4, 5; said terms shall run concurrently for a total term of 20 years. | Probation: |

| REC | | 500-Hour Drug Program | **x** | BOP Sex Offender Program | Other: |
|---|---|---|---|---|---|
| ICE | | Court recommends ICE begin removal proceedings immediately or during service of sentence | | | ICE not applicable |

**SPECIAL CONDITIONS OF SUPERVISION**

| | | | | |
|---|---|---|---|---|
| | No re-entry without legal authorization | | | Home confinement for        months        days |
| | Comply with ICE laws and regulation | | | Community service for   hours during supervised release. |
| | Participate in/successfully complete subst abuse program/testing | **x** | | Reside halfway house **180** days |
| | Participate in/successfully complete mental health program | | | Register as sex offender |
| | Refrain from use/possession of alcohol/intoxicants | | | Participate in sex offender treatment program |
| | Submit to search of person/property | **x** | | Possess no sexual material |
| | No contact with victim(s) and/or co-defendant(s) | | | No computer with access to online services |
| | No entering or loitering near victim's residence | **x** | | No contact with children under 18 years |
| | Provide financial information | **x** | | No volunteering where children supervised |
| | Waive right of confidentiality and allow the treatment provider to release treatment records | **x** | | Restricted from occupation with access to children |
| **x** | Must not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, etc.) that impair your physical or mental functioning, whether or not intended for human consumption. | **x** | | No loitering within 100 feet of school yards |
| | Must not possess, sell, offer for sale, transport, cause to be transported, cause to affect interstate commerce, import, or export any drug paraphernalia, as defined in 21 U.S.C. 863(d). | | | If defendant is unemployed - Must participate in an educational or vocational services program and follow the rules and regulations of that program |
| | You must submit to substance abuse testing to determine if you have used a prohibited substance. Testing shall not exceed more than 60 test(s) per year. Testing may include urine testing, the wearing of a sweat patch, and/or any form of prohibited substance screening or testing. You must not attempt to obstruct or tamper with the substance abuse testing methods. You may be required to pay all, or a portion, of the costs of the testing. | | | |
| **x** | OTHER:   You must not use or possess alcohol. You may be required to submit to alcohol testing that may include urine testing, a remote alcohol testing system, and/or an alcohol monitoring technology program to determine if you have used alcohol. Testing shall not | | | |

exceed more than 4 test(s) per day. You must not attempt to obstruct or tamper with the testing methods. You may be required to pay all, or a portion, of the costs of the testing.

You must participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You may be required to pay all, or a portion, of the costs of the program.

You shall waive your right of confidentiality and allow the treatment provider to release treatment records to the probation officer and sign all necessary releases to enable the probation officer to monitor your progress. The probation officer may disclose the presentence report, any previous mental health evaluations and/or other pertinent treatment records to the treatment provider.

You must not communicate, or otherwise interact, with the victim(s), either directly or through someone else.

If recommended in the sex offense-specific assessment, you must begin attending and participating in sex offender treatment consistent with the recommendations of the evaluation. You must follow the rules and regulations of that program. The probation officer, in conjunction with the treatment provider, will supervise your participation in the program (location, modality, duration, intensity, etc.). Furthermore, you must submit to clinical polygraph examinations, as directed by the probation officer and/or treatment provider. You may be required to pay a portion or all of the cost of the assessments and treatment.

You must cooperate and comply with the United States Probation Office's Computer Restriction and Monitoring Program (CRMP): You may possess or use a computer(s) (as defined in 18 U.S.C. 1030(e)(1)) or an internet capable device under certain conditions. This is not a prohibition on lawful computer or internet capable device use, but a restriction on the type of computer or internet capable device you may use. First, you must identify to the probation officer your computer or internet capable device(s), data storage device(s), or any other electronic equipment capable of storing, retrieving, and/or accessing data that you possess or use. You will agree to only use the computer or internet capable device(s) you have disclosed to the probation officer. Second, you must allow the installation of monitoring software/hardware on your computer or internet capable device(s), at your expense, and you must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. You understand that the software will record all activity on your computer or internet capable device(s), and you shall inform any other users that said computer or internet capable device(s) are subject to monitoring. A computer or internet capable device that is not able to be effectively monitored will not be approved for use. Third, you must disclose any username or identification(s) and password(s) for all computer or internet capable devices. Fourth, you must submit to the probation officer, upon request, any cellular or telephone/internet service provider billing records or receipts, to verify that you are not utilizing services that are prohibited.

| | | | | The Mandatory Restitution for Sexual Exploitation of Children Act; the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018; and 18 U.S.C. § 2259 are applicable in this case; however, no claim for restitution has been made by the victim(s). Therefore, none will be ordered. |
|---|---|---|---|---|
| Fine:   $ | 0.00 | | Restitution:   $ | |

| SPA:   $ | 500.00 | Payment Schedule: | x | Due Immediately | | Waived |
|---|---|---|---|---|---|---|

| OTHER: | Consistent with a stipulation in the Plea Agreement, the defendant forfeits his rights, title, and interest in the items described in paragraph 20 of the Plea Agreement.<br><br>The Defendant is subject to the provisions of the Justice for Victims of Trafficking Act of 2015, which requires the Court to assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). The Court finds the Defendant is indigent and will not be required to pay the $5,000 assessment. |
|---|---|

| X | Advised of Right to Appeal | X | Waived Appeal Rights per Plea Agreement |
|---|---|---|---|
| X | Held in Custody | | Voluntary Surrender |
| X | Recommended place(s) of incarceration: | | The Court recommends that the Defendant be designated for placement at FCC Tucson, AZ, or FCI Englewood, CO, if appropriate. |
| | Dismissed Counts: | | |

OTHER COMMENTS:   Court calls case, counsel enter appearances.  Court addresses Defendant regarding document prepared by Probation in matter, Defendant confirms having reviewed same.  AUSA moves orally for downward adjustment in offense level, Defense Counsel confirms no objection, AUSA will file motion and submit order as to same.  Defense Counsel addresses Court regarding requested sentence, requests for BOP recommendations.  Court queries USPO regarding same, USPO confirms requested facilities appear to be appropriate.  Defendant allocutes.  AUSA addresses Court regarding government's position as to appropriate

disposition of matter.  Jane Doe 2's mother addresses Court to provide victim impact statement.  Jane Doe 2 addresses Court to provide victim impact statement.  Court states proposed sentence.  AUSA addresses Court regarding holding restitution open for 90 days, asks that Court query Defendant regarding adequacy of explanation related to Court's sentence.  Defense Counsel addresses Court as to same.  Court queries Defense Counsel, Defense Counsel responds to Court's queries.  AUSA addresses Court regarding statistical information referenced by Defense Counsel.  Defense Counsel argues in rebuttal regarding same.  Court addresses points raised, indicates sentence shall be imposed as originally stated.  Counsel confirm no further argument or comment.  Court orders sentence imposed as stated.  Court queries AUSA regarding whether government can make requisite representations that restitution could not be determined.  AUSA responds to Court's queries.  Court will deny request to keep restitution open.